T. H. CLOPTON, ADMR., ETC. v. R. HAUGHTON, JR. ET AL.

1. CREDITORS' ADMINISTRATION BILL.  *Jurisdiction of Chancery Court.*
   Under Code 1871, § 976, the Chancery Court has jurisdiction of a bill
   against an executor by creditors of the testator with judgments
   against the estate, to compel final settlement, or payment of their
   *pro rata* shares in advance of such settlement.

2. SAME.  *Estates of deceased persons.  Devastavit.  Probate remedies.*
   The Chancery Court, by virtue of the statute, has power to establish a
   *devastavit* and render a personal decree against the executor and his
   sureties, and is not restricted to the old probate remedies embodied
   in the Code.

3. SAME.  *Practice.  Executor as trustee.  Limits of jurisdiction.*
   The court may treat the executor as the holder of a trust fund, taking
   care not to violate any of the special provisions of other sections of
   the Code, or trench on the jurisdiction of other tribunals.

4. SAME.  *Parties.  Executor's administrator.  Revivor.*
   If the executor dies pending suit, it is necessary to revive against his
   administrator in order to procure the filing of his account or to obtain
   a personal decree for a *devastavit.*

5. SAME.  *Successor in administration.  Amendment.*
   If the assets of the estate have gone to an administrator *de bonis non
   cum testamento annexo*, he should be made a party to the bill, which,
   in a proper case, may be done by an amendment.

APPEAL from the Chancery Court of Monroe County.
Hon. L. HAUGHTON, Chancellor.
*Murphy, Sykes & Bristow*, for the appellant.

The revivor was under the original bill, the demurrer was
to the bill as amended, and while the revivor could not have
been made on the latter, the executor's administrator against
whom the former was revived is entitled to the benefit of its
defects. ‾The revivor should have been against the successor
in the administration, not against the executor's personal rep-
resentative.   The original bill is neither for an account under
§ 1120 of the Code, nor to establish the executor's individual
liability under § 976, and is filed not by legatees or distribu-
tees, but by a part of the creditors.   The amendment after
the erroneous revivor cannot cure it.   But the amended bill,
which attempts to charge a *devastavit*, and asks for a personal

decree, is demurrable. None but proceedings on administration bonds have been held to be within the jurisdiction of the court. *Bank of Mississippi* v. *Duncan*, 52 Miss. 740; *Walker* v. *State*, 53 Miss. 532; *Brunini* v. *Pera*, 54 Miss. 649; *Buie* v. *Pollock*, 55 Miss. 309. If the amended bill is taken as confessed, no decree can be rendered. No final settlement can be decreed, because the debts have not been paid. Code 1871, § 1166. No distribution can be had, because it would be *pro rata* and to a part only of the creditors, and not by insolvency proceedings. Code 1871, § 1158, 1162. For the same reasons the bill is insufficient to establish a *devastavit*. *Dobbins* v. *Halfacre*, 52 Miss. 561; *Whitfield* v. *Evans*, 56 Miss. 488; 2 Lomax on Executors, 475; Story Eq. Pl. § 257.

*Houston & Reynolds*, for the appellees.

The object of the proceeding is to charge W. H. Clopton personally with a *devastavit*, and the original bill states the necessary facts and asks for that relief. *Vick* v. *House*, 2 How. 617; *Whitfield* v. *Evans*, 56 Miss. 488. The demurrer was to the whole bill. It has never been controverted that a court of chancery in this State has jurisdiction to establish a *devastavit* against an executor and enforce the same by a personal judgment. The controversy has been whether in such a proceeding the sureties of the executor could be joined, and it has been repeatedly adjudicated, that the sureties may be joined with the administrator or executor. The bill is filed by the complainants for themselves and all other creditors who will join in the proceeding.

CHALMERS, J., delivered the opinion of the court.

Sundry creditors of James H. Haughton, deceased, having reduced their demands to judgments against W. H. Clopton, his executor, filed this bill in the Chancery Court of Monroe County, representing that said executor, though he had been appointed and acting as such for more than ten years, and had collected, and then held in his hands, assets and money of the estate, failed and refused to pay off the debts; that he had mingled the money of the estate with his own, and failed to make a final or even partial settlement of his accounts with the court. The prayer was that he be

cited to show cause why he should not make a final settlement, and if such settlement was found impracticable that he should be required to pay off the complainants' debts, or so much thereof as they might be found entitled to, out of the money on hand. By an amended bill there was added a charge that the executor had converted the assets to his own use, and a prayer for a personal decree against him as upon a *devastavit*. It is objected by demurrer that the bill is not maintainable, except as an application to compel the filing of an annual account, since no final settlement can be made until all debts are paid, and the bill shows that this has not been done, nor is there any process, except through regular proceedings of insolvency, by which an administrator can be compelled to make *pro rata* distribution to creditors.

Under our old course of probate proceedings, and even under our present chancery system, independently of Code 1871, § 976, these objections would be fatal to the bill, except in so far as it seeks the production of an annual account. But that section greatly broadens the power of the court, even while exercising its probate jurisdiction, and confers upon it in the discharge of that jurisdiction the right to employ, in furtherance of the objects pointed out by the section, the multiform and elastic remedies of a court of equity. It declares that " in addition to the powers and jurisdiction hereinbefore conferred upon said Chancery Court, the courts in which the will may have been admitted to probate, letters of administration granted, or guardians may have been appointed, shall have power and jurisdiction to hear and determine all questions in relation to the execution of the trusts . . . and of all demands against the same, and such estates, whether claimed by heirs-at-law, distributees, devisees, legatees, wards, creditors, or otherwise, and shall have power and jurisdiction in all cases in which bonds or other obligations shall have been executed . . . to hear and determine, upon proper proceedings and proof, the liability of the obligors in such bond or obligation, whether as principal or surety, and by decree and process to enforce such liability."

The effect of this statute is to authorize creditors, as well as heirs and distributees, to invoke the jurisdiction of the

court to hear and determine their demands against the custodians of the estates of decedents, in order that a due performance of their trusts may be enforced by remedies appropriate to the varying exigencies of the case. Whether the term "creditors," as here used, applies only to judgment creditors, and was not intended to draw into a court of chancery the adjudication of purely legal demands, is not necessary to be here decided, since the complainants have, in courts of law, reduced their demands to judgment. Having done so, they represent to the court that its officer, who is their trustee, has appropriated the assets of the estate, and refuses either to pay, or to make report of the state of his accounts. To hold that no final account can be compelled because the debts have not been paid, and that heirs only can demand a partial distribution of money on hand, would be to thwart the manifest intent of the statute, which is to vest the court with full power and jurisdiction to so deal with the trustee and the funds in his hands as to ensure a faithful performance of duty and a prompt application of assets to those entitled to them, whether they be heirs or creditors.

It declares that "in addition to the powers and jurisdiction hereinbefore conferred," which embraces all the powers theretofore belonging to the old Probate Courts, a new jurisdiction is given, namely, "to hear and determine all questions in relation to the execution of the trusts," at the instance either of heirs or creditors, to declare the liability of the trustee and his sureties, "and by decree and process to enforce such liability." Manifestly the court is not restricted either as to the circumstances which call for its interposition, or in the measure of relief afforded, by the special provisions pertaining to the old Probate Court, as re-enacted in the Code, but may treat the administrator as the holder of a trust-fund, and conform its orders and decrees to the case before it, taking care only not to violate any of the special provisions of other sections of the Code, and not to trench upon the jurisdiction of any other tribunal.

We think that the demurrer was properly overruled; that upon final hearing, when the executor shall have filed his accounts, with a full statement of the condition of the estate

both as to debts and assets, it will be within the power of the court to grant the relief prayed for, care being taken so to shape its decrees and orders as to protect the interests of heirs and legatees as well as of those creditors who are not here joined. It is within the authority conferred by the statute upon the Chancery Court to establish a *devastavit*, and to render a personal decree against the executor and his sureties.

The executor died after the bill was filed, and the cause was revived against his administrator. It is insisted that this was erroneous, and that it should have been revived against the successor of the executor; to wit, the administrator *de bonis non cum testamento annexo* of James H. Haughton. It was necessary to revive against the administrator of the executor in order to procure the filing of the account, as well as to obtain the personal decree if the *devastavit* should be established. It may be necessary, also, to join the administrator *de bonis non cum testamento annexo* of Haughton, if the assets of the estate have gone into his hands. This may be done by amendment.                    *Affirmed and remanded.*